IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Edward Pope, | ) | Civil Action No. 4:04-2266-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **O R D E R** |
| | ) | |
| Hadwin-White Buick GMC-Trucks, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

In this matter the plaintiff alleges causes of action for discrimination based on race and age in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e.  The complaint was filed on July 9, 2004, and at that time the plaintiff was represented by an attorney.  On February 7, 2005, the plaintiff, through his attorney, filed a motion to have plaintiff's attorney relieved as counsel.  After a hearing, the court granted the motion and gave plaintiff thirty (30) days to find counsel.  Plaintiff did not find counsel within the deadline prescribed by the court, therefore, he proceeded *pro se*.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling.  On June 1, 2005, the defendant filed a motion to dismiss [Entry # 23].  Because the plaintiff was proceeding *pro* se, he was informed on June 3, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), of the possible consequences if he failed to adequately respond.  On July 4, 2005, another attorney entered a notice of appearance on behalf of the plaintiff.  On July 7, 2005, the plaintiff's new attorney filed a motion which requested an extension until July 15, 2005, to respond to the defendant's motion. Magistrate Judge Rogers granted the motion, however, the plaintiff did not respond to the defendant's motion by July 15, 2005.

On October 14, 2005, the defendant filed a second motion to dismiss [Entry # 31]. In the second motion, the defendant states that the plaintiff has failed to participate in discovery, including failing to appear for his deposition on numerous occasions. Defendant also states that the parties appeared to have reached an agreement to resolve the case as the defendant's attorney forwarded settlement papers to plaintiff's attorney but has received no communication from the plaintiff's attorney.[1] Plaintiff failed to respond to the second motion to dismiss.

Based on his review of the record, the Magistrate Judge filed a Report and Recommendation on February 2, 2006, in which he recommends that the defendant's motions to dismiss [Entry # 23 & 31] be granted and this case be dismissed. In reaching his conclusion that dismissal is proper, the Magistrate Judge analyzes the four factors which must be considered before dismissing an action pursuant to Fed.R.Civ.P. 41(b). See Davis v. Williams, 588 F.2d 69 (4th Cir. 1978). Ultimately, the Magistrate Judge concludes that no other reasonable sanction is available other than dismissal of the action. The plaintiff filed objections to the Report and Recommendation on February 21, 2006.

The Magistrate Judge only makes a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1). In the absence of

---

[1] It is undisputed that settlement papers, namely a release, were sent to the plaintiff's attorney. Yet, as of the date of this Order the plaintiff still has not signed or formally consummated the agreement or simply does not agree to settle the case. Either way, it does not change the fact that discovery was intentionally ignored as a result of the plaintiff's own dilatory actions.

2

objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation.  <u>Camby v. Davis</u>**,** 718 F.2d 198, 199 (4th Cir. 1983).

### **Discussion**

As noted above, the plaintiff filed objections to the Report and Recommendation on February 21, 2006.  In the objections, the plaintiff initially objects to the Magistrate Judge's findings that he has failed to prosecute this case, and has engaged in discovery abuses to an extent that would justify the use of the sanction of dismissal of the case with prejudice.  The plaintiff states that his failure to prosecute is a product of his compliance with the terms of a settlement agreement.  Additionally, plaintiff's counsel notes that plaintiff's failure to attend depositions occurred before the settlement agreement was struck, and prior to his making an appearance in the case.  Plaintiff's counsel argues that this court should not grant the defendant's motion to dismiss and instead, should enforce the settlement agreement.

This court notes from the outset that plaintiff's counsel mainly argues in the objections that the settlement agreement should be enforced, yet, at the same time the plaintiff himself has never accepted the settlement agreement.  Moreover, it is simply undisputed that the plaintiff, prior to Attorney Chalmers Johnson representation, both while *pro se* and while he was represented by a previous attorney, completely and unequivocally failed to participate in the discovery process.[2]

In this court's opinion, plaintiff's present attorney, Chalmers Johnson, has done nothing that has contributed to the plaintiff's dilatory manner.  To the contrary, it appears that after Attorney Chalmers Johnson became involved, he was able to obtain an offer of settlement, which the plaintiff has

---

[2]  The Magistrate Judge gives a detailed outline of the plaintiff's failure to participate in the discovery process in the Report and Recommendation.

3

apparently either failed to accept or consummate. As mentioned above, plaintiff's counsel suggests in the objections that perhaps it would be appropriate for this court to enforce a settlement agreement. However, it appears that the plaintiff himself is the one who has refused to consummate or for whatever reason has not consummated the settlement or signed the release. Although the defendant sent the settlement papers, namely a release, for the plaintiff's signature, the defendant has not asked for enforcement of any alleged settlement agreement. Instead, the defendant has elected to ask this court to go forward with dismissing this case as it has never received any settlement documents back from the plaintiff or his attorney.

The court has thoroughly considered the dilatory actions of the plaintiff and it is clear that the use of sanctions is proper and that the plaintiff has brought this upon himself. Nevertheless, this court will deviate from the Magistrate Judge's recommendation and will dismiss this matter without prejudice, although, this court would clearly be justified in dismissing this case with prejudice based upon the plaintiff's history of dilatory conduct.

Just as the Magistrate Judge, this court has also considered the factors outlined in Davis in making a determination that dismissal under Fed.R.Civ.P. 41(b) is appropriate. As such, the court finds that the plaintiff bears a significant degree of responsibility in failing to respond. There has been a significant amount of prejudice to the defendant. There is a long history of the plaintiff's dilatory conduct. Finally, considering the past conduct of the plaintiff, any less drastic sanction would serve no useful purpose.

Therefore, for the reasons stated above, and after carefully reviewing the Report, objections, pleadings, memoranda and applicable law, the court adopts the Magistrate Judge's Report and Recommendation as modified by this Order, and incorporates it herein. The plaintiff's objections to

4

the Report are hereby overruled.  Accordingly, the defendant's motions to dismiss [Entry # 23 & 31]

are **GRANTED** and this case is dismissed without prejudice.

      **IT IS SO ORDERED**.

                   s/ R. Bryan Harwell
                  R. Bryan Harwell
                  United States District Judge

February 28, 2006
Florence, South Carolina